UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darin William Thornton,            Case No.  3:13-cv-00392

        Plaintiff

        v.            MEMORANDUM OPINION
                                                             AND ORDER

Federal Bureau of Investigation, et al.,

        Defendants

## INTRODUCTION

Before me is the motion of Defendant the United States of America on behalf of the Toledo, Ohio office of the Federal Bureau of Investigation[1] to dismiss for lack of subject matter jurisdiction the complaint filed by Plaintiff Darin William Thornton.  (Doc. No. 7).  Thornton has not filed a brief in response.  For the reasons stated below, Defendant's motion is granted.

## BACKGROUND

On February 4, 2013, Thornton filed a complaint against the Toledo office of the FBI in the Small Claims Division of the Toledo Municipal Court.  (Doc. No. 1-1).  Thornton seeks special and punitive damages in the amount of $3,000.00, the jurisdictional maximum in Small Claims.  Thornton alleges the FBI refused to investigate a man named Floyd McClain or allow Thornton to investigate "his records . . . ."  (Id. at 2).  Thornton does not specify how this refusal caused his

---

[1] The docket on CM/ECF lists two defendants in this case, the FBI and the United States of America.  The U.S. Attorney's Office filed this motion to dismiss on behalf of the FBI and the United States.  I will refer to both collectively as "Defendant."

alleged damages. (*See* id.). On February 22, 2013, Defendant filed a notice of removal from Toledo Municipal Court pursuant to 28 U.S.C. § 1442(a)(1), (Doc. No. 1), then filed its motion to dismiss.

## STANDARD

It is axiomatic that a court at all times must have jurisdiction over the subject matter at issue in order to hear a case. Fed. R. Civ. Pro. 12(b)(1), 12(h)(3). "Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally come in two varieties: a facial attack or a factual attack. A facial attack . . . questions merely the sufficiency of the pleading." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citations omitted). If a jurisdictional challenge "raises a factual controversy, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter [jurisdiction] does or does not exist." *Id.*

## ANALYSIS

Defendant offers two arguments in support of its motion to dismiss. First, Defendant argues that Thornton's pro se complaint, <u>removed to federal district court by Defendant</u>, should be dismissed as facially deficient because Thornton failed to identify any basis for federal jurisdiction. (Doc. No. 7 at 3). Perhaps more seriously, though with only a slightly greater degree of success, Defendant also argues the complaint should be dismissed *with prejudice* because Defendant has not waived its sovereign immunity to suit. (Id.).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*citing Loeffler v. Frank*, 486 U.S. 549, 554 (1988)). In order to maintain a suit against a federal agency, a plaintiff must identify an express waiver of sovereign immunity. *See, e.g., Toledo v. Jackson*, 485 F.3d 836, 838 (6th Cir. 2007). Thornton has failed to do so. As I conclude Thornton has not demonstrated this Court has subject matter jurisdiction to hear his case, his claims are barred by the doctrine of sovereign immunity. Because there is no subject matter jurisdiction, I may not rule on the merits of Thornton's claims. Therefore, Thornton's complaint is dismissed *without prejudice. See Mitan v. Int'l Fid. Ins. Co.*, 23 F. App'x 292,

298 (6th Cir. 2001) ("Dismissals of actions that do not reach the merits of a claim, such as dismissals for lack of jurisdiction, ordinarily are without prejudice." (*citing Costello v. United States*, 365 U.S. 265, 285 (1961))).

## CONCLUSION

For the reasons stated above, Defendant's motion is granted.  Thornton's claims are dismissed without prejudice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
